## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KHIA STEVENS**,                                    Case No.
                                                     Hon.
          Plaintiff,

vs.

**CITY OF DETROIT and**
**RANDALL CRAIG**,

          Defendants.

| **Frank G. Becker (P25502)** | **Chelsea M. Grimaldi (P85585)** |
|---|---|
| Attorney for Plaintiff | City of Detroit Law Department |
| 18501 West Ten Mile Road | Attorney for Defendant City of Detroit |
| Southfield, Michigan 48075 | 2 Woodward Avenue, Suite 500 |
| (248) 789-2437 | Detroit, Michigan 48226 |
| frankgbecker@yahoo.com | (313) 237-3056 / Fax: (313) 224-5505 |
| | chelsea.grimaldi@detroitmi.gov |

## Notice of Removal of Civil Action

Under 28 U.S.C. § 1441, Defendant City of Detroit (hereinafter, "City")

removes this civil action predicated upon the following:

1.     On July 5, 2023, plaintiff commenced this action in the Third Judicial Circuit

of Michigan. This action is now pending before that court.

2.     The City was served with the summons and complaint on July 20, 2023.

(Exhibit A).

3.     Paragraph 5 of Plaintiff's complaint alleges claims under the United States

Constitution as well as under 42 USC § 1983. (Id).

4.   This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441.

5.   Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.

6.   Copies of all process, pleadings, and orders served upon the Defendants in this matter are attached.

7.   This notice is timely, having been filed within thirty days after service of the complaint upon the defendant, which complaint raises claims under the United States Constitution as well as 42 USC § 1983.

8.   Randall Craig consents to removal.

9.   The undersigned has prepared a written notice of the removal of this action. Such notice has been provided to counsel for plaintiff and to the clerk of the court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed and provide a copy to counsel of record by email service through MiFile, the Wayne County Circuit Court's electronic case filing service.  Based upon the authorities and facts recited above, defendants remove the above-entitled action to this Court.

2

Respectfully submitted,

**Chelsea M. Grimaldi (P85585)**
City of Detroit Law Department
Attorney for Defendant City of Detroit
Two Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3056
chelsea.grimaldi@detroitmi.gov

August 8, 2023

3

## Certificate of Service

The undersigned certifies that on August 8, 2023, she served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.


By:

**Chelsea M. Grimaldi (P85585)**

Original - Court
2nd Copy - Plaintiff
1st Copy - Defendant
3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>23-008561-NO<br>Hon.Sheila Ann Gibson |
|---|---|---|

Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>Stevens, Khia | v | Defendant's name(s), address(es), and telephone no(s).<br>City of Detroit (Detroit Police Department |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Frank G. Becker 25502<br>18501 W 10 Mile Rd<br>Southfield, MI 48075-2663 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/5/2023 | Expiration date*<br>10/4/2023 | Court clerk<br>Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          SUMMONS                MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





RECEIVED
KS        10:5 AM
JUL 20 2023
HD
CITY OF DETROIT
LAW DEPARTMENT

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**Khia Stevens,**
*Plaintiff,*

v,

Case#23-008561/NO,
Hon. Sheila Ann Gibson

**City of Detroit (Detroit Police Department)**
**and Randall Craig (Detroit Police Sergeant)**
*Defendant.*
_____/

**Frank G. Becker** (P25502)
*Attorney for Plaintiff*
18501 West Ten Mile Road
Southfield, Michigan 48075-2663
(248) 789-2437
frankgbecker@yahoo.com
_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

# COMPLAINT

*NOW COMES* the Plaintiff, **Khia Stevens**, by and through counsel, Frank G.

Becker and complains against the Defendants as follows:

## I Parties

1)    Plaintiff, **Khia Stevens**, is a citizen of the United States of America and

a resident of the City of Detroit, County of Wayne and State of Michigan. The

amount in controversy exceeds the sum of Twenty-Five Thousand Dollars

1

($25,000.00) This action is timely pursuant to *MCL § 600.5851* as Plaintiff was born in September of 2004, and has reached her age of majority.

2)      Defendant, **Sgt Randall Craig**, was, at all times material hereto, a duly appointed, employed and acting City Detroit Law Enforcement Supervisory Officer operating in the City of Detroit, County of Wayne and State of Michigan. The allegations are brought against this Defendant in his individual capacity. At all times relevant hereto, the Defendant, **Sgt Randall Craig**, was acting under color of law and pursuant to his badge of authority granted to him by the City of Detroit. **Sgt Randall Craig** also had supervisory, policy making, training responsibilities and decision-making authority and was emboldened by the lack of oversight from the Defendant, City of Detroit and Detroit Police Department.

3)      The Defendant, **City of Detroit (Detroit Police Department)**, is a Michigan Municipal Corporation created and organized as a governmental unit pursuant to the laws of the State of Michigan and existing subject to the laws of the State of Michigan and the laws and Constitution of the United States of America and had policy making authority, direct supervisory control and responsibility as to the Defendant, **Sgt Randall Craig**, which directly involved the Plaintiff, **Khia Stevens**, who was in a home broken into and searched by the Defendant, **Sgt Randall Craig** and in the custodial care of the Defendant, **Sgt Randall Craig**, at the time of the incident as alleged in the Complaint. Plaintiff complained of these

2

actions directly to the Detroit Police Department but the actions of **Sgt Randall Craig** were ratified by the Detroit Police Department.

## II. Jurisdictional and Venue Allegations

4)      The Parties hereto are all located in Wayne County Michigan and this cause of action arose in City of Detroit, County of Wayne and State of Michigan and the amount in controversy exceeds $25,000.00.

5)      This action arises, in significant part, under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly *Title 42* of the *United States Code, Section 1983* (*42 USC § 1983*) This Court has jurisdiction of this cause of action by virtue of the Supremacy Clause of the United States Constitution. *Art. VI, § 2*   State common claims sounding in assault & battery, trespass, and gross negligence have also been brought in this action.

## III. Factual Allegations

6)      On December 23, 2016, at approximately 2:00 pm, Plaintiff, **Khia Stevens** was peacefully in her home located at 10435 Apt 9 Cadieux Road, Detroit, Michigan 48224. Plaintiff was then 12 years of age and suffered from a Type 2 Diabetic Mellites condition.

3

7)      At that time the Defendant, **Sgt Randall Craig,** without obtaining a search warrant, knocking or announcing his purpose forced his way into the Plaintiff's Home and in the course of forcibly pushing the door open knocked the young Plaintiff to the floor. This occurred under the pretense of investigating drug possession by Plaintiff's uncle that occurred in a vehicle about a mile from the Plaintiff's residence.

8)      Despite the fact that there was no basis, in fact or law, to search the Plaintiffs' home, the Defendant, **Sgt Randall Craig,** entered the Plaintiff's home, without a search warrant and without knocking or announcing their purpose and rummage through the entire house, including her bed, causing damage and total disorder and found no drugs, weapons or anything illegal or even suspicious.

9)      In the course of the unlawful, forcible entry into Plaintiff's home and "investigation," Plaintiff's Father, Dale Stevens, who attempted to protect his home and daughter, was physically restrained, struck numerous times, injured and arrested.

10)      Plaintiff was terrorized by the Defendants' forcible entry, the unreasonable and excessive search and the unnecessary force used against her father and the arrest of her father, without probable cause. (The charges against her father were dismissed on January 17, 2016) and the violation of the peaceable enjoyment of her own home.

4

11)     At the time of her Father's arrest, Plaintiff and her Father reported to the Defendant, Sgt Randall Craig, and pled not to leave Plaintiff at home and that Plaintiff, age 12, suffered from a Type 2 Diabetic Mellites condition and needed to have prescribed injections of insulin four (4) times daily. Defendant, Sgt Randall Craig, disregarded the Plaintiff's condition and allowed her to remain at home for multiple hours, missing an injection and further increasing her emotional distress and terror.

## COUNT I

### (42 USC§1983 Claim, Illegal Search and Seizure)

12)     Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

13)     the above-described conduct of the Defendants was clearly unconstitutional, and in violation of the Fourth Amendment and Fourteenth Amendment and the Defendants knew or should have known that their conduct would violate the Plaintiffs' rights based on well-established legal precedent including *Katz v. United States*, 389 U.S. 347, 357 (1967) The rule that an arrest of a person does justify a search of a home for contraband, absent exigent circumstances and that an officer must knock and announce his purpose before entry and that a search must be reasonalbe, has been clearly recited in some form by the Supreme Court in at least twenty opinions prior to this incident, including *Arizona*

5

*v. Gant*, 556 U.S. 332, 338 (2009); *California v. Acevedo*, 500 U.S. 565, 580 (1991); *Illinois v. Rodriguez*, 497 U.S. 177, 191 (1990) (Marshall, J., dissenting); *Horton v. California*, 496 U.S. 128, 133 n.4 (1990); *Thompson v. Louisiana*, 469 U.S. 17, 19–20 (1984) (per curium); *Welsh v. Wisconsin*, 466 U.S. 740, 749 (1984); *United States v. Ross, 456 U.S. 798, 825 (1982)*; *Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton v. New York*, 445 U.S. 573, 586 n.25 (1980); *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); and *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55 (1971) and *Wilson v. Arkansas*, 514 U.S. 927 (1995)  Nevertheless, Defendants disregarded this precedent and the Constitution and forced the door upon the 12 year old Plaintiff and rummaged through her personal belongings in the course of an unreasonable search and seizure

12)    As a direct and proximate result of the deprivation of constitutional rights as described above, the Plaintiff suffered injuries and damages as specifically stated below.

## COUNT II

### *(42 USC§1983 Claim, Excessive Force on a Person)*

12)    Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

13)    At the above date and time, despite the Plaintiff being fully compliant

6

and clearly posing no threat of harm, the Plaintiff, **Khia Stevens** was struck with the apartment door pushed by the Defendant, **Sgt Randall Craig**, in order to force his way into her home propelling her away and to the floor.

14) At all times relevant thereto, the force used by the Defendant, was grossly unnecessary, not for any legal purpose and was gratuitous force used for the purpose to impose his will, coerce and intimidate the Plaintiff.

15) The Defendant, Sgt Randall Craig, failed to report the assault against the Plaintiff nor did he report the illegal search of her residence, The City of Detroit specifically condoned his actions in denying the Complaint made by Plaintiff.

16) This force was inconsistent with Detroit Police regulations, an existing City of Detroit Consent Decree supervised by the United States District Court for the Eastern District of Michigan and the established and known, laws and Constitution of the United States, State of Michigan, City of Detroit and County of Wayne.

17) At all times relevant herein, the Plaintiff, **Khia Stevens**, had well established and recognized rights, protected by the Federal Constitution, that were knowingly violated by the Defendants. Specifically, Defendant violated the Plaintiff's Fourth Amendment right to be free from an unreasonable seizure of her persons through the use of unnecessary, excessive and gratuitous force against her by Defendant. The Plaintiff was entitled to be free from the use of this force through

the Fourth Amendment of the Federal Constitution protection against the use of grossly excessive and unnecessary force since it constitutes an unreasonable seizure of her person. See eg, Tennessee v Garner, 471 US 1 (1985)

18)    As a direct and proximate result of the Defendants' constitutional violations, the Plaintiff, **Timothy Patterson**, suffered the injuries and damages alluded to in extensive detail in the following paragraphs.

## COUNT III

### (*Assault & Battery as to Defendant,* Sgt Randall Craig)

19)    Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

20)    Despite the fact that the Plaintiff did nothing wrong and appeared to do nothing wrong, the Plaintiff was physically assaulted and battered by the Defendant, **Sgt Randall Craig**, who struck the Plaintiff by suddenly forcing upon the door upon Plaintiff who was standing by the door.

21)    Plaintiff, a 12-year-old child, was unarmed, presented no danger and made no threats.

22)    Through these actions, Defendant, **Sgt Randall Craig**, placed the Plaintiff, **Khia Stevens**, in reasonable apprehension of imminent bodily contact and, in fact, this Defendant then made an un-consented contact with the Plaintiff as described above, without right, provocation, excuse or justification, which constitutes

8

an assault and battery of the Plaintiff. The force used by Defendant against the Plaintiff, as described above, was unreasonable, excessive and unnecessary.

23)    As a direct and proximate result of the Defendant's assault and battery, the Plaintiff, **Khia Stevens**, suffered the injuries and damages alluded to in greater detail in the following paragraphs.

## COUNT IV
### (Gross Negligence as to Defendant, Sgt Randall Craig)

24)    Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

25)    The actions of the Defendant, **Sgt Randall Craig**, as detailed above,  in disregarding the law and constitution and recklessly forcing open the door into where Plaintiff was foreseeably standing and  into her person and in using more force than was necessary and in abandoning the Plaintiff by herself despite her age and serious health concerns and in othewise improperly utilizing his executive supervisory position despite his special training and expertise were grossly negligent.

26)    The Defendant also failed to report the assault against the Plaintiff and filed and/or allowed to be filed, false police reports regarding the incident that did not include a use of force report.

27)    The Defendant failed to act consistently with City of Detroit regulations and the Federal Court Consent Decree, which was in effect on the date of the incident,

9

and the Constitution laws and ordinances of the City of Detroit, County of Wayne and State of Michigan. Defendant, in each of these respects as alleged in the Complaint, deviated below the standard of care owed to the Plaintiff by Law Enforcement officers and was grossly negligent.

28) As a direct and proximate result of the Defendant's gross negligence, the Plaintiff, **Khia Stevens**, suffered the injuries and damages alluded to in extensive detail in the following paragraphs. This gross negligence of Defendant, as defined by Michigan Law, was **the** proximate cause of the Plaintiff's Injuries.

## COUNT V

### Violation of United States Constitutional Rights
### By City of Detroit (Detroit Police Department)

29) The factual allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

30) The Defendant, **City of Detroit (Detroit Police Department)**, has established and displayed customs, policies and practices under their authority and governmental auspices in the County of Wayne, which are in violation of the Fourth Amendment of the United States Constitution as made actionable pursuant to **42 USC § 1983**, as enumerated in this Complaint.

31) *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-92 (1978) establishes the principle that governments and executive policy making governmental officials will be liable for harm caused by its own policies,

10

customs or practices.  The failure to provide proper supervision, training, discipline and sanctioning and condoning such conduct by dismissing complaints of such conduct, as occurred herein by Defendant, City of Detroit, (Detroit Police Department) herein represents a policy for which this Defendant is responsible. This Defendant was so indifferent to training, supervision, discipline and complaint investigation, which was obviously inadequate and thus likely to result in the violation of constitutional rights so that this Defendant  and its policy-makers can reasonably be said to have been deliberately indifferent to the needs of the Plaintiff.

32)    Defendant, **City of Detroit (Detroit Police Department),**  repeated and varied failures to institute policies, provide funding, adequately screen, review, monitor as well as the failure to issue appropriately written and communicated policies and procedures for handling instances of abuse of authority proximately caused and contributed to the injuries and damages to the Plaintiff.

33)   The Defendant, **City of Detroit (Detroit Police Department),** was deliberately indifferent with respect to training, policies, customs and practices and the lack of concern was so obvious and the inadequacy so blatant that it was likely to result in the violation of the Plaintiff 's constitutional rights. that it represented official policies of action and inaction of this Defendant, which renders it fully responsible for the conduct herein under the laws and Constitution of the United

11

States and in particular in violation of the Fourth Amendment to the Constitution of the United States as made actionable by *42 US § 1983*.

**Damages**

34.     That the factual allegations as set forth above are incorporated herein and made a part of this Count and this Count is fully applicable and relates to each of the above Counts and each of the Defendants.

35)     As a direct and proximate result of the deprivation of Plaintiff's constitutional rights as protected by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as indicated above, the Plaintiff, **Khia Stevens**, suffered severe and permanent injuries including onset of a major depressive disorder, aggravation of a Type 2 Diabetic Mellites condition, contusions, abrasions, pain and suffering, headaches, impairment of movement and activities, mental anguish, fright and shock, embarrassment, humiliation, denial of social pleasure and enjoyment, loss of earning capacity and future medical expenses.

*WHEREFORE*, Plaintiff, **Khia Stevens**, demands judgment against the Defendants and each of them, in an amount that is fair and just and in accordance with the evidence produced at trial in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars including interest and costs and further requests an award of reasonable actual attorney fees pursuant to *42 USC § 1988* and/or *28 U.S.C. §2412 (d)(1)(A)*; and order such other and further relief as this Court deems necessary and

12

proper. Additionally, Plaintiff requests an award of punitive damages against the individual Defendant, pursuant to *42 USC § 1983,* for the willful and malicious behavior displayed herein. Furthermore, an award of interest, costs and statutory attorney fees is requested.

Respectfully Submitted;

/S/Frank G. Becker
Frank G. Becker (P25502)
Attorney for Plaintiff
18501 West Ten Mile Road
Southfield, Michigan 480752663
(248) 789-2437
frankgbecker@yahoo.com

13