UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KHIA STEVENS,**<br><br>          Plaintiff,<br><br>     vs.<br><br>**CITY OF DETROIT and RANDALL CRAIG,**<br><br>          Defendants. | **2:23-CV-11956-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>**AND DENYING DEFENDANTS' MOTIONS IN LIMINE AS MOOT (ECF NOS. 22–33)** |

Plaintiff Khia Stevens brings this action against Defendants City of Detroit and former Detroit Police Sergeant Randall Craig alleging constitutional and state law claims arising out of a December 23, 2016 encounter between Sgt. Craig and Stevens's father that resulted in his arrest. Since the removal of this case to federal court, Plaintiff's counsel has failed to meet deadlines or adequately participate in the discovery process in a timely manner, necessitating motion practice and court intervention. After the close of discovery, Plaintiff's counsel continued to fail to meet filing deadlines and participate in the preparation of the case for trial, neglecting to submit final pretrial order documents or respond to pending motions in limine, or even to appear at the final pretrial conference. Finally, after the Court ordered Plaintiff's counsel to show

cause why this case should not be dismissed for failure to prosecute, he also failed to respond to that order.

Accordingly, for the reasons stated below, this matter will be **DISMISSED WITH PREJUDICE**.

## I.   BACKGROUND

On August 8, 2023, this case was removed to this Court from the Wayne County Circuit Court. ECF No. 1. In her state court complaint, Plaintiff Khia Stevens asserts claims against Defendants City of Detroit and former Detroit Police Sgt. Randall Craig for violations of 42 U.S.C. § 1983, common law assault and battery, and gross negligence arising out of a December 23, 2016 encounter between Plaintiff's father, Mr. Dale Stevens, and Sgt. Craig resulting in Mr. Stevens' arrest.

On September 21, 2023, this Honorable Court entered a Scheduling Order requiring the production of Fed. R. Civ. P. 26(a)(1) Initial Disclosures by October 20, 2023. ECF No. 5. Defendants served Plaintiff with Initial Disclosures on October 10, 2023. After multiple attempts to obtain Plaintiff's Initial Disclosures, Plaintiff stipulated to an order to compel the same, and on January 26, 2024, this Court entered the parties' stipulated Order to Compel Plaintiff's Initial Disclosures, ordering Plaintiff to provide Defendants with initial disclosures no later than February 15, 2024. See ECF No. 9. Nevertheless, Defendants did not receive Plaintiff's Initial Disclosures until March 16, 2024, ECF No. 35, PageID.434–38, almost five months after the Scheduling Order date

2

and over one month after the date ordered by the January 26, 2024, Stipulated Order. Plaintiff however never filed a witness list in this matter, which was due February 24, 2024. *See* ECF No. 5.

In June 2024, Defendants served written discovery requests to Stevens, requested to depose Stevens' father, and requested to schedule an independent medical examination of Stevens. ECF No. 35, PageID.440–41. However, Defendants did not receive Plaintiff's responses to their written discovery requests until October 2024, and only after multiple follow-up requests to Plaintiff, as well as Defendants' request for Court intervention. *Id.* PageID.443–54, 463. In addition, Plaintiff did not provide responses to Defendants' requests for admission, served on Plaintiff in September 2024, or return signed necessary record authorizations, until December 2024, long after the close of discovery. *Id.* PageID.467.

Following the close of discovery, and after unsuccessful settlement conferences, the Court entered a Trial Order, setting a Final Pretrial Conference and Settlement Conference for 9:30 a.m. on February 23, 2026, providing deadlines for filing motions in limine, submitting settlement statements and a proposed Joint Final Pretrial Order, and scheduling a trial date for Tuesday, March 17, 2026. ECF No. 19. Defendants timely filed 12 motions in limine on February 9, 2026, ECF Nos. 22–33, and submitted a timely settlement statement to the Court on February 16, 2026.

When counsel for Plaintiff failed to submit a settlement statement to the Court, respond to Defendants' motions in limine, or submit a proposed Joint Final Pretrial Order to the Court, the Court contacted Plaintiff's counsel first by email on February 17, 2026, and then, when no response was received, by phone on February 18, 2026. Plaintiff's counsel stated that he would be submitting a settlement statement and responses to the motions in limine by that evening. He did not do so.

On Friday, February 20, 2026, the Court again emailed Plaintiff's counsel about the proposed Joint Final Pretrial Order, settlement statement, and responses to the motions in limine needed in advance of the Settlement Conference and Final Pretrial Conference scheduled for Monday, February 23, 2026. The Court advised counsel that if the materials were not submitted to the Court by 4:30 p.m. that day, February 20, 2026, it could be considered a failure to prosecute the case, which could result in the sanction of dismissal. Plaintiff's counsel did not respond to the email, telephone the Court, or submit any materials to the Court.

On Monday, February 23, 2026, counsel for Defendants appeared for the scheduled 9:30 a.m. Settlement Conference and Final Pretrial Conference. Counsel for Plaintiff failed to appear. When the Court telephoned Plaintiff's counsel, he advised that he was in St. Louis, Missouri and thus would not be available to appear in person for the scheduled settlement and final pretrial conference. The Court then held

4

a status conference, on the record, with counsel for Plaintiff connected telephonically, and counsel for Defendants present in the courtroom. The Court explained that Plaintiff's counsel had failed to appear as ordered, failed to submit a proposed Final Pretrial Order, and failed to respond to the twelve motions in limine filed by Defendants. Plaintiff's counsel advised that he was experiencing some health problems and indicated that he wished to engage another attorney to assist with prosecuting this case, and he provided the names of three attorneys that he represented could assist him in this case.

The Court stressed the need to act with urgency in retaining another attorney to assist on this case, and that the attorney must enter an appearance in this case by the close of that week, or by February 27, 2026. The Court also informed the parties that it intended to issue a show cause order requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute in light of Plaintiff's counsel's neglecting the matter. In addition, the Court stated that it would reconsider its decision to deny Defendants' request to file a late motion for summary judgment, and stated that Defendants will be permitted to file such a motion if the case is not dismissed for failure to prosecute.

The Court issued the show cause order on February 23, 2026, ordering "Plaintiff's counsel to secure co-counsel for Plaintiff," and that "co-counsel must enter an appearance in this case by **Friday, February 27, 2026**." ECF No. 34, PageID.421 (emphasis in original). The show

Case 2:23-cv-11956-TGB-EAS   ECF No. 36, PageID.473   Filed 04/06/26   Page 6 of 12

cause order further stated that "Plaintiff must **SHOW CAUSE** on or before **Monday, March 9, 2026** why this case should not be dismissed for failure to prosecute" and provided that "Defendants may also respond to this Order, and state their position, by that date." *Id.* PageID.421–22 (emphases in original). Finally, the order adjourned the trial date "to a date and time to be set by the Court." *Id.* PageID.422.

Plaintiff did not respond to the show cause order by March 9, 2026, and has failed to file any response or otherwise contact the Court as of this date. Defendants did file a response to the show cause order requesting dismissal of Plaintiff's claims in their entirety for failure to prosecute. ECF No. 35.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, "[a] federal court may sua sponte dismiss a case for failure to prosecute or comply with an order." *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "The power to

6

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30.

Under the Sixth Circuit's interpretation of Federal Rule of Civil Procedure 41(b), the Court considers four factors in determining whether to dismiss claims: (1) "whether the party's failure to cooperate is due to willfulness, bad faith, or fault;" (2) "whether the adversary was prejudiced by the dilatory conduct of the party;" (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal;" and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1988)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (collecting Sixth Circuit cases).

### III. DISCUSSION

All four factors clearly support dismissal of this case with prejudice.

### A. Willfulness, Bad Faith or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those

proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). And "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (Hood, J.) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause").

Here, Plaintiff has repeatedly disregarded the Court's orders and her discovery obligations under the Federal Rules of Civil Procedure. Plaintiff failed to file a witness list in compliance with the scheduling order, wholly failed to comply with the Court's Trial Order and submit a proposed Joint Final Pretrial Order, Voir Dire Questions, Jury Instructions, or a Jury Verdict form, failed to respond to Defendants' motions in limine, failed to appear in person at the Final Pretrial Conference, and failed to respond to the Court's February 23, 2026 show cause order. These repeated failures demonstrate both "fault" and "willfulness." *See Fuller*, 468 F. App'x at 588; *Jackson v. Coronado*, No. 21-1007, 2021 WL 6335259, at *2 (6th Cir. Nov. 22, 2021) (failure to

8

comply with multiple court orders "reflects bad faith on [a plaintiff's] part, further justifying dismissal").

Accordingly, this first factor weighs in favor of dismissal.

## B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony").

Here, Defendants have suffered significant prejudice from Plaintiff's failure to prosecute her case and having to expend significant time and resources litigating this case with little to no participation by Plaintiff. Plaintiff failed to provide discovery responses for months after the response deadline, and then only after repeated requests by defense counsel and court intervention. And even after discovery Plaintiff's

counsel wholly failed to participate in preparing a Joint Final Pretrial Order, Voir Dire Questions, Jury Instructions, and a Jury Verdict Form despite the Court's Trial Notice expressly stating that those documents are to be *jointly* prepared. Plaintiff has also failed to file a witness list or provide responses to Defendants' motions in limine, and failed to appear in person at the final pretrial conference, which defense counsel did attend.

Accordingly, this second factor weighs in favor of dismissal.

## C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Plaintiff has been warned several times that dismissal of this case was under consideration by the Court as a sanction for her failure to participate in this litigation. In the Court's February 20, 2026 email to counsel, the Court stated that Plaintiff's failure to submit a joint final pretrial order, settlement statements, and responses to Defendants' motions in limine by 4:30 pm "could be considered a failure to prosecute the case, which could result in the sanction of dismissal." Plaintiff's counsel was again directly warned by the Court of the potential for dismissal at the February 23, 2026 status conference, after Plaintiff's counsel's failure to appear. And then the Court warned again in the Court's February 23, 2026 Show Cause Order,

directing Plaintiff to show cause "why this case should not be dismissed for failure to prosecute." ECF No. 34.

This third factor weighs in favor of dismissal.

## D. Appropriateness of Other Sanctions

Finally, as to the fourth factor, the Sixth Circuit "has 'never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect' and is 'loathe to require the district court to incant a litany of the available lesser sanctions.'" *Schafer*, 529 F.3d at 738 (quoting *Harmon*, 110 F.3d at 368). In any event, the Court here did consider a less severe sanction than dismissal, stating that Defendants will be permitted to file a motion for summary judgment if Plaintiff responds to the February 23, 2026 show cause order and the case is not dismissed for failure to prosecute. ECF No. 34, PageID.421. Given Plaintiff's failure to heed the Court's past warnings, the Court finds that any additional lesser sanction than dismissal would not be appropriate. Thus, "having considered all possible and lesser sanctions ... the Court determines that the dismissal with prejudice" of Plaintiff's claims against Defendants is "warranted" under Rule 41(b). *See Schafer*, 529 F.3d at 738 (noting that because Rule 41(b) dismissal is "a tool to effect management of [a district court's] docket and [avoid] unnecessary burdens on the tax-supported courts and opposing parties," a district court enjoys "substantial discretion in serving these tasks"). The Court's interest in sound judicial case and

11

docket management outweighs the public policy interests in the disposition of cases on their merits.

Accordingly, the final factor weighs in favor of dismissal.

## IV.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute.

It is **FURTHER ORDERED** that Defendants' Motions in Limine, ECF Nos. 22–33, are **DENIED AS MOOT**.

This is a final order that closes the case.

**IT IS SO ORDERED.**

Dated: April 6, 2026          /s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

12